| | |
|---|---|
| Minute Order Form (06/97) | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6889 | **DATE** | 12/17/2003 |
| **CASE TITLE** | UNITED STATES ex rel. GERALD LOFTON vs. KENNETH R. BRILEY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____, at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petitioner Gerald Lofton's petition for a writ of *habeas corpus* [1-1] is denied. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 18 2003 | 10 |
| | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12/17/2003 date mailed notice | |
| CB | courtroom deputy's initials | | PW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES *ex rel.* GERALD LOFTON, )
)
Plaintiff, ) No. 03 C 6889
)
v. ) Suzanne B. Conlon, Judge
)
KENNETH R. BRILEY, ) DEC 1 8 2003
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Gerald Lofton was convicted of first degree murder and sentenced to 50 years in prison. The Illinois Appellate Court affirmed. *People v. Lofton*, No. 1-97-3486 (1999). The Illinois Supreme Court denied Lofton's petition for leave to appeal. *People v. Lofton*, 187 Ill.2d 583, 724 N.E.2d 1272 (2000). Lofton did not petition the United States Supreme Court for a writ of *certiorari*. Rather, he filed a petition for post-conviction relief in the Circuit Court of Cook County; the petition was denied. The Illinois Appellate Court affirmed. *People v. Lofton*, No. 1-00-2980 (2002). The Illinois Supreme Court denied Lofton's post-conviction petition for leave to appeal. *People v. Lofton*, 202 Ill.2d 639, 787 N.E.2d 164 (2002).

Lofton now petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, claiming violations of the Sixth and Fourteenth Amendments. Specifically, Lofton alleges his trial counsel was ineffective in failing to: (1) secure the testimony of his alibi witnesses; (2) object or otherwise preserve issues related to prosecutorial misconduct during closing arguments; and (3) obtain transcripts of his prior testimony. Lofton further claims his appellate counsel was

1



ineffective in failing to: (4) raise the ineffective assistance of his trial counsel, including trial counsel's failure to object or move for a mistrial when a police officer communicated with the jury. Finally, Lofton alleges that the trial court erred in allowing: (5) improper closing arguments by the prosecutor; (6) improper communication between a police officer and the jury; (7) a handwritten witness statement to be submitted to the jury; (8) an undisclosed witness to testify; and (9) a gang expert to testify.

## BACKGROUND

The factual findings of a state trial or appellate court are presumed correct in a federal *habeas* proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The record does not reveal any evidence rebutting this presumption. Accordingly, the court adopts the Illinois Appellate Court's statement of facts.

On March 20, 1995, Carl Fisher and his son, Anthony Williams, were walking down Princeton Avenue in Chicago when they were approached by approximately four men, including "Little Anthony," Norman Moss and Lofton. Williams was a member of the Black Disciples street gang and a former member of the Gangster Disciples. According to Fisher, two of the men attacked him. As he fought back, he tripped and fell over the curb. He then heard someone say, "Where is the nine?" He looked and saw Lofton hitting his son on the head with a gun. Fisher yelled, "No, don't do it," but Lofton fired two shots at Williams. The men ran from the scene. Fisher saw Little Anthony run across the street, holding the gun in his hand. Fisher later identified Lofton as the shooter in a police lineup.

Police officers interviewed Robert Foster after the shooting. In his statement, Foster claimed he and two other men were in a car driven by Flomont Johnson when Lofton and Moss

2

pulled up next to them in another car. Moss asked Johnson if they wanted to beat up this guy on the corner. Johnson retrieved a nine millimeter handgun from his mother's house and gave it to Lofton. The men then approached Williams, who was wearing a dark cap with an emblem to the right side. The men punched Williams while Lofton pulled out the gun and shot him.

Lofton's first trial ended in a hung jury. At Lofton's second trial, Officer Luis Vega testified as an expert on gang activity in the area. He stated that the railroad tracks at 114th Street divided the territory between gangs allied with the Black Disciples and Gangster Disciples and those allied with the Vice Lords and Blackstones. Lofton testified that he previously was a member of Blackstones, but left the gang when he graduated from high school in 1993.

During the trial, the court held a hearing outside of the jury's presence. Deputy Sheriff Francine Jozaitis testified that she was escorting the jury downstairs when the elevator doors opened and a police officer in the elevator said, "If you come back with a guilty, you can come on the elevator with us." The police officer was not connected to Lofton's case. When the court questioned the jurors, only one juror admitted hearing the comment. In chambers, the juror stated that the comment would not affect his ability to be fair and impartial. The court instructed the juror not to discuss the incident with the other jurors. Neither party objected to the juror remaining on the jury.

On direct appeal, Lofton unsuccessfully argued that the state failed to prove his guilt beyond a reasonable doubt, the police officer's comment prejudiced the jury, the gang expert's testimony was cumulative and prejudicial, the prosecution made improper closing arguments and the trial court erred in allowing Foster's written statement to be submitted to the jury. In his post-conviction petition, Lofton alleged that trial counsel failed to: (1) call the same alibi

3

witnesses who testified at his first trial; (2) prepare him for cross-examination by reviewing his testimony from the first trial; and (3) object to improper closing arguments by the prosecution. Lofton further alleged his appellate counsel was ineffective in failing to raise the ineffectiveness of his trial counsel on direct appeal. After his post-conviction petition was denied, Lofton appealed, claiming the circuit court erred in finding that his trial counsel's failure to call the same alibi witnesses and obtain prior trial transcripts, as well as his appellate counsel's failure to raise these issues on direct appeal, were insufficient to support his petition. The Illinois Appellate Court rejected Lofton's claims and affirmed the circuit court's decision.

## DISCUSSION

### I. Procedural Default

Before reaching the merits of Lofton's petition, the court must determine whether his claims are procedurally barred. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000). Under § 2254, a petitioner must fairly present his federal claims to the state court before a federal court may grant *habeas corpus* relief. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). "Failure to 'fairly present' . . . federal [constitutional] claims to the state courts will result in procedural default of those claims unless the petitioner can show cause and prejudice" for the default. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). According to the state, all but one of Lofton's claims are procedurally defaulted.

### A. Ineffective Assistance of Counsel

The doctrine of procedural default bars federal *habeas* review if the underlying state court decision rests on a state law ground that is both "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The

Illinois Post-Conviction Hearing Act ("the Act") provides that a petition for post-conviction relief "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2. The Illinois Appellate Court determined that Lofton's failure to comply with the Act doomed his ineffective assistance of counsel claims based on his trial counsel's alleged failure to call his alibi witnesses (Claim 1) and order the transcript from the first trial (Claim 3). Ex. H at 9-12. Specifically, Lofton failed to attach affidavits from his purported alibi witnesses or the transcript from his second trial. *Id.* Therefore, Claims 1 and 3 are procedurally defaulted. *See McGee v. Leibach*, No. 02 C 1661, 2003 WL 22089734, at *4 (N.D. Ill. Sept. 5, 2003)(failure to comply with the Act provides independent and adequate state ground). The Illinois Appellate Court's explicit rejection of each claim on the merits as an alternative basis for its decision does not change this result. *See Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002)("A state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas'").

Lofton's remaining ineffective assistance of counsel claims (Claims 2 and 4) are procedurally defaulted because he never raised them before the Illinois Appellate Court. To preserve an issue for *habeas corpus* review, a petition must raise the issue through one complete round of state proceedings. *Rodriquez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). It is undisputed that Lofton failed to raise any claim based on the ineffective assistance of counsel on direct appeal. In post-conviction proceedings, the Illinois Appellate Court considered Lofton's ineffective assistance of trial counsel claims because Lofton also raised an ineffective assistance of appellate counsel claim. However, the ineffective assistance of counsel claims presented to

5

the Illinois Appellate Court were not based on trial counsel's purported failure to object or otherwise preserve issues related to prosecutorial misconduct during closing arguments. Nor did Lofton assert that his appellate counsel was ineffective for failing to challenge his trial counsel's failure to object or move for a mistrial based on the police officer's comment to the jury. Therefore, Claims 2 and 4 are procedurally defaulted.

### B. Trial Errors

Lofton's claims relating to errors committed during his trial (Claims 5, 6, 8 and 9) do not fare any better. As an initial matter, Lofton failed to raise the prosecutor's alleged improper remarks during closing arguments (Claim 5) through one complete round of state proceedings. Although Lofton raised the issue before the Illinois Appellate Court on direct appeal, he did not include the argument in his petition for leave to appeal to the Illinois Supreme Court. Resp. at Ex. C. Therefore, Lofton procedurally defaulted Claim 5. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(petitioner fails to satisfy federal exhaustion requirement for claims not included in petition for leave to appeal to the Illinois Supreme Court).

Nor did Lofton assert on direct appeal or in his post-conviction proceedings that the trial court erred in allowing an undisclosed witness to testify (Claim 8). His failure to raise and pursue these claims during the course of his state proceedings amounts to procedural default. *Wainright v. Sykes*, 433 U.S. 72, 87 (1977).

Moreover, Lofton failed to fully and fairly present his constitutional claim regarding the gang expert (Claim 9) in state court. A state court has not been provided a fair opportunity to consider constitutional claims if a petitioner's arguments to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying

6

constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation. *Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir.1992). In his appellate brief, Lofton relies exclusively on state law to argue that the gang expert's testimony was cumulative and more prejudicial than probative. Resp., Ex. A. at 19. Lofton did not identify any constitutional violation either in his argument or through his cited cases. Nor do his objections to the expert's testimony call to mind a specific constitutional right or allege a pattern of facts typical of constitutional litigation. Therefore, Lofton failed to fairly present the constitutional nature of Claim 9 to the Illinois state courts.

Finally, the Illinois Appellate Court determined that Lofton waived any objections to the improper communication between the police officer and the jury (Claim 6). To preserve an issue for review, "both a trial objection and a written post-trial motion about the claim are required." *Rodriguez*, 63 F.3d at 564. Under Illinois law, waiver is an independent and adequate state court ground. *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002). Accordingly, Claim 6 is procedurally barred.

## C.  Cause and Prejudice

Procedural default prevents the court from reaching the merits of Lofton's claims unless he is able to "'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Anderson v. Cowan*, 227 F.3d 893, 899-900 (7th Cir. 2000), *quoting Coleman*, 501 U.S. at 750. Lofton does not attempt to establish cause or prejudice in his petition. Moreover, Lofton's bald assertion of actual innocence lacks the

7

necessary detail to demonstrate that it is more likely than not that no reasonable jury would have found him guilty. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995)(petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent through clear and convincing evidence that, but for the alleged error, no reasonable jury would have convicted him). Therefore, Lofton's petition for a writ of *habeas corpus* based on the procedurally defaulted claims must be denied.

## II. Merits

Lofton's claim regarding the submission of Foster's handwritten statement to the jury (Claim 7) fails on the merits. "On a petition for writ of *habeas corpus*, a federal court will not review evidentiary questions unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." *Moore*, 345 F.3d at 489, *quoting Stomner v. Kolb*, 903 F.2d 1123, 1128 (7th Cir. 1990). For this to occur, the trial court's evidentiary ruling must "probably cause[] a miscarriage of justice, that is, the conviction of an innocent person." *Gomez v. Ahitow*, 29 F.3d 1128, 1139 (7th Cir. 1994), *quoting Thompkins v. Cohen*, 965 F.2d 330, 333 (7th Cir. 1992). Lofton's claims of actual innocence are unsupported by the record. To the contrary, Fisher, as well as Foster, identified Lofton as the shooter. *See United States v. Rogers*, 89 F.3d 1326, 1338 (7th Cir. 1996 ("The Constitution entitles a criminal defendant to a fair trial, not a perfect one, and we will not upset a guilty verdict where the record fairly demonstrates the defendant's guilt such that none of the asserted errors, either individually or cumulatively, could possibly have influenced the jury to reach an improper result"). Moreover, Lofton has not indicated how admission of Foster's handwritten statement to the jury unduly influenced the verdict. *See United States v. Best*, 939 F.2d 425, 431 (7th Cir. 1991)(*en banc*)(jury's exposure to

documents properly admitted in evidence does not warrant a new trial). Accordingly, Lofton's claim that the trial court erred in allowing Foster's handwritten statement to be submitted to the jury (Claim 7) fails as a matter of law.

## CONCLUSION

Lofton's petition for writ of *habeas corpus* must be denied. Claims 1 through 6 and 8 and 9 are procedurally defaulted. Claim 7 fails on the merits.

December 17, 2003

ENTER:

Suzanne B. Conlon
United States District Judge